**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

J.W.,

                    Plaintiff,

v.                                                    CIVIL ACTION NO.  1:09-cv-01277

HON. DAVID W. KNIGHT, et al.,

                    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff J.W.'s Emergency Motion for Stay of State Court Proceedings (the "Emergency Motion") [Docket 10].  The Motion is **DENIED**.

J.W. is a fifteen-year-old female who claimed that she was sexually assaulted by her two brothers when she was between the ages of nine and eleven.  During the criminal prosecution of her brothers, the Honorable David W. Knight, Circuit Judge of Mercer County, West Virginia, ordered that J.W. undergo a penetrating pelvic examination to determine whether there was physical evidence of vaginal injury.  The prosecuting attorney for Mercer County unsuccessfully sought a writ of prohibition from the Supreme Court of Appeals of West Virginia, and J.W. unsuccessfully sought a writ of certiorari from the Supreme Court of the United States.  On November 24, 2009, J.W. filed a lawsuit under 42 U.S.C. § 1983 in this court, seeking a declaration that being forced to undergo the pelvic examination ordered by Judge Knight would violate several of J.W.'s constitutional rights. [Docket 1].

On January 8, 2010, J.W. filed  the Emergency Motion.  The Emergency Motion explains that both of J.W.'s brothers were scheduled to plead guilty in state court to the criminal charges against them on January 12, 2010.  J.W. asks that I stay the state court proceedings so that I may rule on whether forcing J.W. to undergo a pelvic examination would violate her constitutional rights.

Federal courts are courts of limited jurisdiction.  An actual case or controversy is required for federal court action.  *Benton v. Maryland*, 395 U.S. 784, 788 (1969).  A federal court lacks jurisdiction to review matters that have become moot.  *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964).  Here, Judge Knight's counsel confirmed in open court that, because J.W.'s brothers are pleading guilty in the underlying criminal prosecutions, J.W. will not be forced to undergo the pelvic examination ordered by Judge Knight.  As such, the Emergency Motion [Docket 10] is moot and must be **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        January 11, 2010

Joseph R. Goodwin, Chief Judge