UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1315

J. W.,

        Plaintiff – Appellant,

    v.

HONORABLE DAVID W. KNIGHT, in his official capacity as Judge of the Circuit Court of Mercer County for the State of West Virginia,

        Defendant - Appellee,

    and

JASON WILSON, a Citizen and Resident of Mercer County, West Virginia, Real Party in Interest,

        Defendant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. Joseph R. Goodwin, Chief District Judge. (1:09-cv-01277)

Submitted: October 25, 2011         Decided: November 4, 2011

Before WILKINSON, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wendy J. Murphy, NEW ENGLAND SCHOOL OF LAW, Boston, Massachusetts; Michael F. Gibson, GIBSON, LEFLER & ASSOCIATES, Princeton, West Virginia, for Appellant. John M. Hedges, Teresa

J. Lyons, HEDGES LYONS & SHEPHERD, PLLC, Morgantown, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

J.W. appeals from the district court's dismissal of her 42 U.S.C. § 1983 (2006) civil rights action for lack of subject-matter jurisdiction. J.W. initiated this action for declaratory relief in the Southern District of West Virginia, challenging an order by David W. Knight, a judge in the Circuit Court for Mercer County, West Virginia ("the state court"), compelling her to undergo a gynecological examination. During the pendency of the action, however, J.W. ultimately submitted to the examination voluntarily. In view of this development, the district court determined that her claims were moot and could not be saved from a dismissal on the ground of mootness by application of the exceptions to the mootness doctrine for claims capable of repetition, yet evading review, and for voluntary cessation of illegal activity.

On appeal, J.W. challenges the dismissal of her action as moot. J.W. also argues that her claims are not barred under the Younger[1] abstention and Rooker-Feldman[2] doctrines. For the reasons that follow, we affirm.

---

[1] Younger v. Harris, 401 U.S. 37 (1971).

[2] D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).

I.

Jason Wilson was indicted in the state court on charges of first-degree sexual assault and incest against his sister, J.W., when she was between nine and eleven years old. Following his indictment, Jason Wilson moved the state court to enter an order requiring that J.W. undergo a gynecological examination to determine whether there existed any evidence that she had experienced "repeated traumatic [sexual] intercourse." Defendant Knight, the presiding state court judge, granted the motion and ordered that J.W. undergo a gynecological examination. On J.W.'s behalf, the State of West Virginia filed a writ of prohibition in the Supreme Court of Appeals of West Virginia ("SCAWV"), seeking to prevent the state court from enforcing its order requiring the examination. The SCAWV denied the writ, State ex rel. J.W. v. Knight, 679 S.E.2d 617, 622 (W. Va. 2009) (per curiam), and the Supreme Court of the United States denied J.W.'s petition for a writ of certiorari, J.W. v. Knight, 130 S. Ct. 461 (2009).

Subsequently, J.W. filed the subject § 1983 action against Knight in the district court, alleging that, in ordering that she undergo the examination, Knight violated her rights under the Fourth and Fourteenth Amendments. As relief, J.W. sought orders declaring that Knight had acted in violation of the Constitution and that, under the Supremacy Clause, a state

4

court judge lacked the authority to order a "minor rape victim to submit to an unwanted pelvic examination." Knight moved to dismiss the action on a host of grounds. While Knight's motion was pending, Jason Wilson agreed to plead guilty in the underlying criminal proceeding. As a result of this agreement, J.W. was not required to undergo the ordered examination. The district court thus concluded that J.W.'s § 1983 claims were moot, granted Knight's motion, and dismissed the action.

J.W. noted an appeal. While the appeal was pending in this court, Jason Wilson appeared before Knight for sentencing. At the sentencing hearing, Knight determined that acceptance of Jason Wilson's guilty plea was not in the public's interest. Accordingly, Knight scheduled the case against Jason Wilson for a trial. Based on this development, Knight moved this court for a remand to the district court. We concluded that the rejection of Jason Wilson's guilty plea was a development that bore on the propriety of the district court's dismissal of J.W.'s action on a jurisdictional ground and issued an order granting the motion to remand, vacating the district court's judgment, and remanding for further proceedings.

Following our order of remand, J.W. and Knight disclosed to the district court that J.W. had indicated her willingness to undergo the gynecological examination and had indeed undergone the examination while J.W.'s appeal was pending

5

in this court. The results of the examination were submitted to Knight and placed under seal in the state court proceeding. The criminal prosecution against Jason Wilson was subsequently resolved; in January 2011, Knight accepted Jason Wilson's guilty plea to child abuse resulting in injury and sentenced him to a suspended prison sentence and five years of probation. J.W. argued in the district court that her claims had not been rendered moot by these developments and, even if they had, they were still subject to review on their merits because they were capable of repetition, yet would evade review, and because her case involved questions of substantial public interest. The district court concluded that J.W.'s claims were moot as a result of her having willingly submitted to and undergone the gynecological examination and that the exceptions to the mootness doctrine for wrongs capable of repetition, yet evading review, and voluntary cessation of illegal activity were inapplicable. Accordingly, the district court dismissed J.W.'s action for lack of subject-matter jurisdiction.

II.

We review de novo a district court's ruling concerning subject-matter jurisdiction, including a ruling on mootness. Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 762 (4th Cir. 2011); Covenant Media of S.C., LLC v. City of N.

Charleston, 493 F.3d 421, 428 (4th Cir. 2007). We also review for clear error the district court's findings of fact with respect to jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 348 (4th Cir. 2009).

The Constitution limits the jurisdiction of the federal courts to the adjudication of actual cases and controversies. U.S. Const. art. III, § 2; DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) (per curiam). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). The requirement that a case involve an actual, ongoing controversy extends throughout the pendency of the action. Preiser v. Newkirk, 422 U.S. 395, 401 (1975). To satisfy Article III's case or controversy requirement, "a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983). Redressability is present if it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (internal quotation marks omitted). When a case or controversy ceases to exist, the litigation is moot and a federal court no longer possesses jurisdiction to proceed. Heckler, 464 U.S. at 70.

7

A case can become moot due either to a change in the facts or a change in the law. Ross v. Reed, 719 F.2d 689, 693-94 (4th Cir. 1983). Here, the district court concluded that J.W.'s claims had become moot due to a change in the facts. Specifically, the court concluded that, because J.W. voluntarily submitted to and underwent the gynecological examination, a favorable judicial decision would not redress her claimed injuries. On appeal, J.W. does not seriously contest this conclusion. Rather, she argues that her action, although moot, may still be reviewed on its merits for two reasons: first, because her case implicates issues in which the public has an interest, namely, the due process and Fourth Amendment rights of minor victims of sex crimes; and second, because the matter is capable of repetition, yet will evade review. J.W. also asserts that the district court erred in determining that her action was not saved from mootness by application of the exception to the mootness doctrine for voluntary cessation of illegal activity.

A.

J.W. relies primarily on our opinion in Hammond v. Powell, 462 F.2d 1053 (4th Cir. 1972), as establishing an exception to the mootness doctrine based on the substantial public interest in the issues raised by her action. Hammond, however, does not advance J.W.'s argument. In Hammond, the plaintiff brought an action, both as an individual and as a

8

representative of a class, seeking both a declaration that South Carolina's statute allowing a creditor to seize a defaulting debtor's goods in advance of a judgment awarding the goods to the creditor was unconstitutional and an injunction restraining future seizures. Hammond, 462 F.2d at 1054. The district court dismissed the suit, finding that the plaintiff's individual claim was moot because the creditor obtained a final judgment vesting within it the right to possess goods seized from her and because a class action was not proper. Id. at 1054-55. We reversed, concluding that the case was not moot because it was likely that the individual plaintiff would again be subject to the application of the state statute based on her new purchase of goods on credit and that the action could be brought as a class action. Id. at 1055. Although we observed that "the public interest in having [the] suit considered [was] substantial," id. at 1055, nothing in our opinion purports to recognize this concern as an exception to the mootness doctrine. Accordingly, this claim is without merit.

B.

Next, J.W. invokes the exception to the mootness doctrine for matters capable of repetition, yet evading review. It is well-established that federal courts may consider "disputes, although moot, that are capable of repetition, yet evading review." Incumaa v. Ozmint, 507 F.3d 281, 288-89

9

(4th Cir. 2007) (internal quotation marks omitted). Where the plaintiff has not brought a class action, jurisdiction on the basis of a dispute that is "capable of repetition, yet evading review" is limited to "the exceptional situation[] in which (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Id. at 289 (internal quotation marks and citation omitted). J.W. bears the burden of demonstrating that the exception applies. Id. We conclude she fails to meet her burden.

J.W.'s claim that orders compelling a victim to submit to a gynecological examination requested by a criminal defendant cannot be reviewed because of the short time frame in which a criminal trial takes place is made in wholly conclusory fashion. We reject J.W.'s assertion that orders such as the one entered by Knight cannot be effectively challenged by an alleged victim. See W. Va. T.C.R. 39.01 & 39.02 (allowing for the appointment of a guardian ad litem to protect the interests of and pursue relief on behalf of an alleged victim in a criminal matter). We also conclude that J.W. fails to show the existence of a reasonable expectation that she will be subject to the same order compelling the gynecological examination again. Jason Wilson entered a guilty plea, and J.W. simply does not

10

articulate why it would ever be necessary for the state court to order her to submit to another examination.

Additionally, although J.W. maintains that the issues presented in her lawsuit will recur in West Virginia's criminal justice system and continue to affect other victims of sex crimes, these concerns have no bearing on this case because it was not brought as a class action. Cf. Gerstein v. Pugh, 420 U.S. 103, 111 n.11 (1975) (recognizing a narrow class of cases in which the termination of the class representative's claim for relief does not moot the claims of the class members). Further, although J.W. makes note of the possibility that she could suffer a sexual assault in the future and be subjected to a similar court order requiring that she undergo an examination like the one ordered in this case, such conjecture is insufficient to establish that the exception for cases capable of repetition, yet evading review, is applicable here. Incumaa, 507 F.3d at 289.

## C.

J.W. further challenges as erroneous the district court's determination that her case was not saved from mootness by application of the exception to the doctrine for voluntary cessation of illegal activity. The district court noted that the exception to the mootness doctrine for voluntary cessation of illegal activity is inapplicable where the party seeking

11

judicial redress, and not the opposing party, "saps" the controversy of its "vitality." City News & Novelty, Inc. v. City of Waukesha, 531 U.S. 278, 284 n.1 (2001). By voluntarily submitting to the gynecological examination that was the subject of her § 1983 challenge, J.W., the district court concluded, rendered her action moot by ensuring that no live controversy remained. Accordingly, the court concluded that the voluntary cessation exception to the mootness doctrine was inapplicable.

On appeal, J.W. challenges the district court's finding that her submission to the gynecological examination was voluntary. Because it is clear from the record that J.W. willingly submitted to and underwent the gynecological examination, we conclude that the district court did not commit clear error in so finding. J.W. also suggests that dismissal was not warranted under the voluntary cessation exception because of the "myriad [of] efforts" by the defense to generate mootness problems in this litigation but fails to explain what these efforts were. The district court correctly recognized that the voluntary cessation exception to the mootness doctrine is simply not applicable when the party seeking relief saps her challenge to the ordered examination by voluntarily submitting to it. We therefore conclude that J.W.'s challenge in this regard is without merit.

III.

Accordingly, we affirm the district court's judgment.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[3] In view of our disposition, we need not address J.W.'s arguments that her claims are not barred by the Younger abstention and Rooker-Feldman doctrines.